CONOR MARKINS, individually and
as next of kin of BRADLEY SCOTT
MARKINS, deceased,

    PLAINTIFF,

v.                                           No. _____
                                                   JURY DEMAND

UNITED VAN LINES, LLC,
ARMSTONG RELOCATION CO., INC. –
RALEIGH, NORTH CAROLINA and
JAMES RICHARDSON,

    DEFENDANTS.
_____/

## COMPLAINT

The PLAINTIFF, CONOR MARKINS, individually and as next kin of BRADLEY SCOTT MARKINS, through his attorneys of record, sues the Defendants, UNITED VAN LINES, LLC, ARMSTRONG RELOCATION CO., INC. – RALEIGH, NORTH CAROLINA and JAMES RICHARDSON, and for his claims for relief states as follows:

## PARTIES

1. PLAINTIFF's decedent, BRADLEY SCOTT MARKINS (or "**BRAD MARKINS**"), at the time of his death was a resident of Ironton, Ohio. BRAD MARKINS is survived by CONOR MARKINS, son, (or "**PLAINTIFF**"), who is his next of kin and has standing pursuant to Tennessee law to bring claims for survivor and wrongful death claims and does so both individually and on behalf of the

1

beneficiaries to such claims. BRAD MARKINS was not married at the time of his death and is survived by his son CONOR MARKINS and daughter, ALI HANKINS.

2. DEFENDANT UNITED VAN LINES, LLC ("**UNITED VAN LINES**") on information and belief is a foreign, for-profit corporation organized and existing under the laws of Missouri with a principal office located at 1 United Drive, Fenton, Missouri 63026. UNITED VAN LINES is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration, No. 77949. As stated in recent MCS-150 filings[1], UNITED VAN LINES has 4,247 trucks and 4,235 drivers operating on interstate highways. UNITED VAN LINES may be served process by serving its BOC-3 registered agent for service of process, American Moving and Storage Association, c/o Roland M Lowell, 7135 Centennial Place, Nashville, TN 37209-1033.

3. DEFENDANT ARMSTRONG RELOCATION CO., INC. – RALEIGH, NORTH CAROLINA ("**ARMSTRONG RELOCATION**"), on information and belief is a foreign, for-profit corporation organized and existing under the laws of North Carolina with a principal office located at 4227 Surles Ct., Suite 110, Durham, North Carolina 27703. ARMSTRONG RELOCATION is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration, No. 1071807. According to recent MCS-150 filings, ARMSTRONG RELOCATION has 29 trucks and 29 drivers operating on interstate highways. ARMSTRONG RELOCATION may be served process by serving its BOC-3 registered agent for

---

[1] MCS-150 refers to the form number of a mandatory filing with the Federal Motor Carrier Safety Administration for registered motor carriers.

service of process, American Moving and Storage Association, c/o Roland M Lowell, 7135 Centennial Place, Nashville, TN 37209-1033.

4. DEFENDANT, JAMES RICHARDSON ("**DEFENDANT RICHARDSON**") **("DEFENDANTS"** collectively), on information and belief, is a citizen and resident of Raleigh, North Carolina and can be served process at 2913 Snowberry Drive, Raleigh, North Carolina 27610.

5. PLAINTIFF is informed and believes and alleges that at all times herein, DEFENDANT RICHARDSON was an agent, servant, employee, statutory employee of DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION, jointly, and was at all times relevant, acting within the purpose and scope of said agency and employment and with the knowledge, consent and ratification of DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION, as joint-employers.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 USC 1332 (a)(1)-(2) ("diversity jurisdiction"). Many of the acts complained of occurred in this District. The amount in controversy is in excess of $75,000 exclusive of costs and interest.

## FACTS

7. On or before June 19, 2020 DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION had promulgated practices, policies and procedures regarding safety of the motoring public as motor carriers. These policies, practices, and procedures were formed and implemented from the corporate headquarters of these respective DEFENDANTS in Missouri and/or North Carolina. The decisions

made by these DEFENDANTS did have direct cause bearing on the preventability of the crash that forms the basis of the claims before this Court, specifically including the policies, practices, and procedures and the implementation of the same regarding distracted and fatigued driving and whether what DEFENDANTS did or did not do to prevent distracted and fatigued driving as related to their fleets of thousands of large trucks that travel over interstates across the United States.

8. On June 19, 2020 at or near 3:45 p.m., DEFENDANT RICHARDSON operated a 2016 Freightliner tractor-trailer, VIN 3AKJGLD50GSGX7954, which was fully loaded ("Truck"), within the course and scope of his employment and/or as agent and/or as statutory employee of DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION.

9. On information and belief, the gross vehicle weight of the Truck was up to 80,000 pounds. While operating the truck and in the time before the crash, DEFENDANT RICHARDS was fatigued and/or distracted by cell phone, eating, or similar electronic device, such that his mere operation of the Truck at that time in while distracted created a foreseeable increased the risk of harm to the motoring public.

10. The Truck operated by DEFENDANT RICAHRDSON was a commercial vehicle with a gross vehicle weight in excess of 10,001 pounds, involved in interstate commerce and thus subject to compliance with the Federal Motor Carrier Safety Regulations ("**FMCSR**") and applicable Tennessee laws governing the operation of commercial trucks.

11. DEFENDANT RICHARDSON was operating the Truck eastbound on Interstate 40 near mile marker 152 in Hickman County, Tennessee. As he approached traffic that had stopped or slowed, DEFENDANT RICAHRDSON was inattentive due to fatigue/distraction or both. The Truck abruptly crossed the median traveling into the lanes of westbound travel on Interstate 40.

12. At or near the same time, BRAD MARKINS was traveling westbound on Interstate 40 in a 2020 Toyota Camry ("**Camry**"). The Truck slammed into the vehicle of BRAD MARKINS and another vehicle.

13. The Truck and its trailer overturned and blocked Westbound traffic on I-40.

14. Photographs of the scene of the crash are shown below, depicting both the Truck and the Camry, post-crash:



5

Case 3:20-mc-09999   Document 415   Filed 06/26/20   Page 5 of 16 PageID #: 27176



15. After overturning, the Truck came to rest at an angle across the eastbound lane of Interstate 40.

16. BRAD MARKINS was killed as a result of the crash.

<b><u>COUNT I – NEGLIGENCE/NEGLIGENT<br>HIRING/RETENTION/ENTRUSTMENT</u></b>

<b>(UNITED VAN LINES and ARMSTRONG RELOCATION)</b>

17. PLAINTIFF incorporates by reference the allegations set forth above, as if set forth verbatim.

18. At all times herein, DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION, negligently, carelessly, recklessly and unlawfully hired, retained, trained, and supervised their agents, employees, servants and/or independent contractors who they assigned to operate, drive, and control said vehicles, in that, among other things, DEFENDANTS knew or should have known that said persons

were unfit for the specific tasks to be performed during the course and scope of their employment and or agency, namely the safe operation of said vehicles.

19. At all times herein, DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION owed a duty to the public and PLAINTIFF not to allow an unfit, unqualified, fatigued driver to operate a commercial interstate tractor-trailer while unfit, unqualified, fatigued, distracted or in excess of the maximum allowable hours of service. DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION had duties to promulgate and enforce adequate policies and procedures to prevent these unsafe acts.

20. At all times material hereto, DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION, and each of them, so negligently, carelessly, recklessly and unlawfully owned, drove, entrusted, controlled and otherwise so negligently operated said vehicles so as to cause a collision, thereby proximately and legally causing the death of BRAD MARKINS as hereinafter enumerated. DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION owed duties to exercise reasonable care in the hiring, training and supervision of employees and drivers, including DEFENDANT RICHARDSON, in the operation of trucks to avoid causing injuries to others, and to promulgate and enforce policies, procedures and rules to those ends. These duties included the duties to comply with the common law, the Federal Motor Carrier Safety Regulations, industry standards, and the relevant provisions of State law and regulations. 49 C.F.R. § § 383, 386, 390, 391, 392, and 395.

21. DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION breached the duties they owed to BRAD MARKINS by committing one or of the following acts of negligence:

   a. Failing to properly hire safe, qualified drivers for operation of commercial trucks, including RICHARDSON;

   b. failing to properly supervise and train drivers for operation of commercial trucks, including RICHARDSON;

   c. negligently retaining drivers, including RICHARDSON;

   d. negligently entrusting drivers, including RICHARDSON;

   e. negligently allowing encouraging and/or aiding and abetting RICHARDSON to operate a commercial interstate tractor-trailer while fatigued, asleep or in excess the allowable hours of operation thereof and/or distracted by electronic devices. cell-phones or eating;

   d. negligently failing to have proper procedures or policies in place or promulgated for the monitoring of driver hours, including RICHARDSON, to prevent drivers from operating tractor-trailers while fatigued and/or distracted thought the use of cell phones or other electronic devices; and

   d. otherwise failing to use reasonable care.

22. The failures and negligence of DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION legally caused the damages to PLAINTIFF, as set forth more fully below.

### COUNT II – NEGLIGENCE/NEGLIGENCE *PER SE/RESPONDEAT SUPERIOR/*AGENCY

23. PLAINTIFF re-alleges the foregoing paragraphs as if restated verbatim.

24. DEFENDANT RICHARDSON was negligent (for which UNITED VAN LINES and ARMSTRONG RELOCATION are liable under agency theory) and failed to use reasonable care by committing one or more of the following acts or omissions:

    a. Negligently and carelessly operating a tractor-trailer without keeping a safe and proper lookout for other vehicles on the roadway;

    b. operating an interstate tractor-trailer while fatigued, asleep or in excess of the maximum allowable hours of service and/or distracted by cell-phone or other similar electronic devices;

    c. failing to avoid a collision, when in the exercise of reasonable care, the collision could have been avoided by Defendants;

    d. operating a tractor-trailer with disregard for the safety of others, including BRAD MARKINS; and

    e. otherwise failing to exercise reasonable care.

25. DEFENDANT RICHARDSON was also negligent *per se* (for which DEFENDANTS UNITED VAN LINES AND ARMSTRONG RELOCATION are liable) by the following violations of Tenn. Code Ann. (which were in effect at all relevant times) of which BRAD MARKINS was a member of the class intended by the statutes to protect and which was in full force and effect on the date in question: Tenn. Code. Ann. § 55-8-103 Required obedience to traffic laws; Tenn. Code. Ann. § 55-8-123 Driving on Roadways Laned for Traffic; Tenn. Code Ann. § 55-8-124 Following too closely; Tenn. Code Ann. § 55-8-136 Drivers to exercise due care; Tenn.

9

Code Ann. § 55-8-152 Speed limits; Tenn. Code Ann. § 55-8-156; Prohibited Uses of Wireless Telecommunications Devices; Tenn. Code Ann. § 55-8-205 Reckless Driving; and 49 C.F.R. § 392.

26. The failures, negligence and negligence per se of DEFENDANT RICHARDSON (for which UNITED VAN LINES and ARMSTRONG RELOCATION are vicariously liable) were the proximate and legal cause of the injuries and damages to PLAINTIFF that are more fully set forth below.

## COUNT III – JONT STATUTORY EMPLOYMENT

### (DEFENDANTS UNITED VAN LINES and ARMSTRONG RELOCATION)

27. PLAINTIFF realleges each of the foregoing paragraphs as if restated verbatim.

28. The DEFENDANTS had entered an arrangement to transport property using equipment not owned by them as motor carriers, as contemplated by 49 U.S.C. § 14102(a). Under 49 C.F.R. § 376.12(c), motor carrier(s) shall "have exclusive possession, control, and use of the equipment" and "shall assume complete responsibility for the operation of the equipment."

29. DEFENDANTS UNITED VAN LINES and ARMSTRONG RELCATION are, thus, joint statutory employers of DEFENDANT RICHARDSON and are jointly liable for his acts, omissions and negligence and negligence *per se* that proximately and legally caused PLAINTIFF'S damages, that are set forth more fully below.

## COUNT IV – DECLARATORY RELIEF/CONFLICT OF LAWS

30. PLAINTIFF realleges each of the foregoing paragraphs as if restated verbatim.

31. A conflict of laws exists as to application of Tenn. Code Ann. § 29-39-102. DEFENDANTS UNITED VAN LINES and/or ARMSTRONG RELOCATION made all of the key decisions regarding their policies, implementation of those policies, hiring decisions and entrustment decisions from their corporate headquarters that are located in the State of Missouri and the State of North Carolina, respectively. Neither North Carolina nor Missouri recognize limitations on non-economic damages. As a result, any purported limitation on non-economic damages under Tennessee law is inapplicable before this Court. PLAINTIFF seeks declaratory relief under the principals espoused in Restatement 2d of Conflict of Laws, §§ 6 and 146 as either of the states where the hiring, retention, entrustment and supervision occurred have more significant relations than the incidental travel by the Truck through this State by the Truck. Tenn. Code Ann. § 29-39-102 was not intended to protect out-of-State defendants who engage in unsafe and reckless practices that cause death and damages to out-of-state residents who merely are traveling through this State on the Federal Interstate System.

32. PLAINTIFF seeks declaratory relief that Tenn. Code Ann. § 29-39-102 does not apply in this case to limit the damages in any amount whatsoever and the Court shall not reduce any verdict received by PLAINTIFF at trial, or, alternatively and pending discovery, that one of the enumerated exceptions found at Tenn. Code Ann. § 29-39-102(h) apply.

**INJURIES AND DAMAGES**

33. PLAINTIFF re-alleges the foregoing paragraphs as if restated verbatim.

34. The conduct of the DEFENDANTS was, both at common law and/or statutorily, reckless, willful, knowing, grossly negligent, wanton, and in such total disregard for the safety of others that an award for punitive damages is necessary to deter such conduct in the future. As a result of the foregoing, in addition to compensatory damages, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS and in order to deter DEFENDANTS and similarly situated third parties from committing the same or similar misconduct that endangers the general safety of the public. As a proximate and legal result of the aforesaid negligence, gross negligence, negligence per se and/or recklessness of the DEFENDANTS, BRAD MARKINS suffered and sustained severe, serious, pre-death, pain, shock, fright, suffering, mental anguish, and injuries, from which he ultimately died. As a result of their acts, the DEFENDANTS are liable for the conscious pain and suffering of BRAD MARKINS. There was no act of negligence by BRAD MARKINS that was a cause or that contributed to the wreck. At the time of his death, BRAD MARKINS, was strong, able-bodied and gainfully employed. He was an active and productive citizen who took great pride in his family, community relations and life.

35. Prior to his death, and as a direct and proximate result of DEFENDANTS' wrongful conduct as previously alleged herein, BRAD MARKINS sustained physical and mental pain and anguish, suffering in contemplation of his impeding death, including pre-death terror, along with property damage and other loss, for which PLAINTIFF is entitled to recovery compensatory damages against DEFENDANTS UNITED VAN LINES, ARMSTRONG RELOCATION and JAMES RICHARDSON,

both jointly and severally.

36. By reason of the death of BRAD MARKINS, the PLAINTIFF and others, each have been deprived of the support, comfort, society, advice, daily acts of love, affection and services all of which were substantial and of great value for which his Estate is entitled to recovery against DEFENDANTS UNITED VAN LINES, ARMSTRONG RELOCATION and JAMES RICHARDSON, both jointly and severally.

37. DEFENDANTS are liable for the full amount of economic and non-economic damages recoverable under the law for the wrongful death of BRAD MARKINS.

38. BRAD MARKINS was killed as a proximate and legal result of the negligence, gross negligence, negligence *per se* and recklessness of the DEFENDANTS.

39. DEFENDANTS are liable for the economic/non-economic and pecuniary value of the life of BRAD MARKINS, his last death expenses, and all other damages recoverable under the law and equity. The acts complained of legally caused PLAINTIFF's injuries and damages including, but not limited to:

    a. The loss of support from the reasonably expected earning capacity of BRAD MARKINS;

    b. the loss of services of BRAD MARKINS;

    c. loss of love, society of BRAD MARKINS, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education suffered by his surviving children.

    d. the mental and physical suffering actually endured by BRAD MARKINS between the time of his injury and untimely death;

e. medical expenses necessitated by the injury, including expenditures for doctors, nurses, hospital care, medicine and/or drugs;

f. funeral expenses for BRAD MARKINS; and

g. the present cash value of the pecuniary value of the life of BRAD MARKINS, including the lost earnings over his life expectancy and the reasonable loss of consortium suffered by his survivors and the next of kin for the loss of tangible services provided by him, as well as intangible benefits each family member receives from the continued existence of other family members. Such intangible benefits include love, affection, attention, education, guidance, care protection, training, companionship and cooperation that the survivors and next of kin would reasonably be certain to have received during the life of the deceased.

**WHEREFORE**, PLAINTIFF, by and through his attorneys, prays that the following relief be granted:

a. A trial by jury;

b. for Summons and Complaint to issue against the DEFENDANTS;

c. for judgment of compensatory damages for wrongful death and survivor against DEFENDANTS UNITED VAN LINES, ARMSTRONG RELOCATION and JAMES RICHARDSON, and each of them jointly and/or severally in an amount of economic and non-economic damages the jury believes to be just, fair and equitable, given the facts and after hearing the evidence of at least $50 million;

d. for judgment of compensatory damages in survival against

DEFENDANTS UNITED VAN LINES, ARMSTRONG RELOCATION and JAMES RICHARDSON, and each of them, jointly and/or severally;

 e. declaratory relief of that Tenn. Code Ann. § 29-39-102 does not operate to reduce or diminish any damages under conflict of laws principals espoused under Restatement 2d Conflict of Laws, §§ 6 and 146, or alternatively and pending discovery that one or more of the enumerated exceptions under Tenn. Code Ann. § 29-39-102(h) apply.

 f. for judgment of punitive damages against DEFENDANTS UNITED VAN LINES, ARMSTRONG RELOCATION and JAMES RICHARDSON;

 g. for court costs, discretionary costs; and,

 h. for all other and further relief as this Honorable Court deems just and equitable.

**WHEREFORE**, PLAINTIFF further requests that all issues in this case be tried before a jury of six (6) duly qualified and impaneled citizens of our community.

Respectfully submitted,

WRIGHT LAW, PLC

*/s/ Matthew E. Wright*
Matthew E. Wright, #022596
840 Crescent Centre Drive
Suite 310
Franklin, TN 37067
P: (615) 455-3588
F: (615) 468-4540
mwright@wrightlawplc.com

Sam Aguiar, KY #92775
Jonathan B. Hollan. KY #96158
Miles D. Mussetter, KY #98555
*(PRO HAC VICE* to be submitted for all of the above)
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
sam@kylawoffice.com
jhollan@kylawoffice.com
mmussetter@kylawoffice.com

*ATTORNEYS FOR PLAINTIFF*